IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

NORTHERN DIVISION

| | |
|---|---|
| THE PROCTER & GAMBLE COMPANY, and THE PROCTER & GAMBLE DISTRIBUTING COMPANY,<br><br>Plaintiffs,<br><br>vs.<br><br>RANDY L. HAUGEN, et al.,<br><br>Defendants. | MEMORANDUM DECISION AND ORDER DENYING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT ON DAMAGES<br><br><br>Case No. 1:95-CV-94 TS |

    This matter is before the Court on Defendants' Motion for Summary Judgment on the damages element of Plaintiffs' Lanham Act claim. The background of this case is briefly recounted in the Court's recent Memorandum Decision[1] on the Lanham Act motions and need not be repeated herein.

    Plaintiffs (collectively P & G) bring a claim for violation of the Lanham Act. Defendants move for summary judgment on damages on the following grounds: (1) P & G has no evidence to prove that Defendants' conduct proximately caused P & G's

---

[1] Docket No. 983.

1

damages; (2) P & G has not suffered any damages; (3) P & G is not entitled to an award of Defendants' profits; and (4) P & G is not entitled to an award of remediation damages.

"Summary judgment is proper only if there is no genuine issue of material fact for determination, and the moving party is entitled to judgment as a matter of law."[2] The Court reviews "the entire record on summary judgment . . . in the light most favorable to the party opposing summary judgment."[3] "As to materiality, the substantive law will identify which facts are material. Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted."[4]

Defendants generally argue that P & G has no evidence of damages and specifically argue on such issues as evidence of actual damages, proximate cause, willfulness, Defendants' profits, and other alleged tortfeasors. P & G contends that it has presented sufficient evidence and that Defendants' arguments misstate the burdens of proof for damages under the Lanham Act.

The Court finds that P & G has shown issues of fact regarding the Amvox Messages and damages, including the issue of wilfulness, an award of Defendants' profits, and P & G's own alleged lost profits and remediation costs. The Court further finds that all of the specific arguments Defendants use to challenge P & G's proffered evidence are factual

---

[2]*Durham v. Herbert Olbrich GMBH & Co.*, 404 F.3d 1249, 1250 (10th Cir. 2005) (quoting *Riley v. Brown & Root, Inc.,* 896 F.2d 474, 476 (10th Cir. 1990)).

[3]*Id.*

[4]*Bartell v. Aurora Public Schools,* 263 F.3d 1143, 1146 (10th Cir. 2001) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)).

matters to be considered by the jury in reaching its verdict.  As the Court noted in *Western Diversity*, "when considering a summary judgment motion, a court does not weigh the evidence except, of course, for the very unusual situation when all the equities are indisputably on one side."[5]  This is not such a case.

Based upon the foregoing it is therefore

ORDERED that Defendants' Motion for Summary Judgment on Damages (Docket No. 923) is DENIED.

DATED February 8, 2007.

BY THE COURT:

_____
TED STEWART
United States District Judge

---

[5] *Western Diversified Services v. Hyundai Motor America*, 427 F.3d 1269, 1273 (10th Cir. 2005).