IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| THE PROCTER & GAMBLE COMPANY, et al.,<br><br>Plaintiffs,<br><br>vs.<br><br>RANDY HAUGEN, et al.,<br><br>Defendants. | MEMORANDUM DECISION AND ORDER ON P & G's MOTION IN LIMINE NO. 7<br><br><br><br>Case No. 1:95-CV-94 TS |

Before the Court is P & G's Motion in Limine No. 7 to Exclude Evidence that Defendants Spread the False Satanism Rumor for a Religious or Other Non-Commercial Purpose. P & G contends that this issue was already determined by the Tenth Circuit. Defendants contend that it was reserved. As set forth in this Court's February 6, 2007 Memorandum Decision and Order:[1]

> [T]he Tenth Circuit adopted a four-part test for determining the "commercial advertising or promotion" element of a § 43(a)(1)(B) Lanham Act claim:

---

[1] Docket No. 983, Memorandum Decision and Order Granting Plaintiffs' Motion for Summary Judgment and Denying Defendants' Motion for Summary Judgment on the Lanham Act Claim.

1

> In order for representations to constitute "commercial advertising or promotion" under Section 43(a)(1)(B) [of the Lanham Act], they must be: (1) commercial speech; (2) by a defendant who is in commercial competition with plaintiff; (3) for the purpose of influencing consumers to buy defendant's goods or services. While the representations need not be made in a "classic advertising campaign," but may consist instead of more informal types of "promotion," the representations (4) must be disseminated sufficiently to the relevant purchasing public to constitute "advertising" or "promotion" within that industry.

Reviewing the *P & G I*, opinion, the Court finds that the Tenth Circuit determined, as a matter of law, that the Amvox Messages were commercial speech within the meaning of the first part of the four-part test for "commercial advertising or promotion." In contrast, the Tenth Circuit declined to reach the fourth element of the four-part test finding that the fourth part involved issues of fact.

In its instructions for remand the Tenth Circuit concluded that the district court "improperly granted summary judgment to [Defendants] on P & G's Lanham Act claim," and "l[eft] it to the district court to consider whether P & G has met those elements of a §43(a) Lanham Act claim "not before us in this appeal"—*i.e.* elements other than the first element of the four-part test.[2]

Thus, the Court has already determined that elements other than the first element of the four-part test remain to be determined by the jury.[3] It is true that in the context of determining the first part of the four-part test, the Tenth Circuit addressed the Amvox Messages' "exhortation to eschew purchasing P & G's products in favor or Amway

---

[2]*Id*. at 4-5 (quoting *Procter & Gamble Company v. Haugen* (*P & G I*), 222 F.3d 1262 (10th Cir. 2000)).

[3]*Id*. (holding that P & G was entitled to summary judgment that "the Amvox Messages constituted commercial speech within the meaning of the first part of the four-part test for determining whether they constitute "commercial advertising or promotion" under §43(a)(1)(A) of the Lanham Act")

2

Products."[4]  Nonetheless, the Tenth Circuit did not decide the third part of the four-part, nor did this court.  Accordingly, evidence will be allowed on the third part of the four-part test, whether the representation was "for the purpose of influencing consumers to buy defendant's goods or services."  However, evidence, statement or argument is excluded on the fact that the Amvox Messages were commercial speech.  The difference in the elements is narrow, but significant.   It is therefore

ORDERED that P & G's Motion in Limine No. 7 to Exclude Evidence that Defendants Spread the False Satanism Rumor for a Religious or Other Non-Commercial Purpose (Docket No. 999) is DENIED.

DATED March 2, 2007.

BY THE COURT:

_____
TED STEWART
United States District Judge

---

[4] *P & G I,* at 222 F.3d at 1276.