IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| THE PROCTER & GAMBLE COMPANY, et al.,<br><br>    Plaintiffs,<br><br><br>        vs.<br><br><br> RANDY HAUGEN, et al.,<br><br>    Defendants. | MEMORANDUM DECISION AND ORDER ON MOTIONS IN LIMINE<br><br><br><br>Case No. 1:95-CV-94 TS |

Before the Court are the pretrial Motions in Limine filed by the parties.  The Court having considered the Motions and the Responses, and being fully advised, rules as follows:

Plaintiffs' (P & G's) Motion in Limine No. 1 to Exclude Evidence that Others Spread the Same or Similar False Satanism Rumors (Docket No. 993) and Plaintiff's Motion in Limine No. 15 to Exclude Evidence Regarding Spreading of the False Satanism Rumor and Other Evidence from the 1980s and After 1998 (Docket No. 1007) are GRANTED as follows:  The Court finds that testimony and other evidence about rumors outside of the 1995-98 time frame are not relevant to this trial.  The Court further finds that alleged events in the 1970s and '80s, events after 1998, and evidence on how those other events were

1

handled, or allegedly mishandled, are not relevant to the claim the jury will determine at trial.  Counsel are reminded that this case involves only the one remaining claim against only the remaining Defendants.  Testimony and evidence involving other  issues, parties, and alleged incidents are not relevant to this trial and will be excluded.  In addition, the Court also finds that such evidence would be confusing to the jury.

However, Defendants will be allowed to present their theory that the rumor upsurge started some months prior to the Amvox voice messages at issue.  Thus, events in and about that time frame are relevant, but Defendants must show that any such evidence is tied to the 1995 outbreak.  The Court will also allow a limited amount of general background evidence from both sides.  The Court will not allow such limited background evidence to extend to any of the extraneous issues involved in the 10-15 year history of the larger dispute between Plaintiffs, Amway, and any other Amway distributors.  Even if were relevant, the Court finds that any probative value of such evidence would be substantially outweighed by the danger of confusion of the issues for the jury, or the danger of unfair prejudice to the party against whom it is offered.[1]

P & G's Motion in Limine No. 2 to Exclude Newspaper Articles, Books, and Internet Evidence (Docket No. 994) is DENIED on the grounds that the Motion is overbroad. Moreover, the Court will not permit the introduction of hearsay, regardless of its source.

---

[1]The Court notes that it is not always P & G that would be unfairly prejudiced by evidence excluded under this ruling.  *See e.g.* Docket No. 1062 P & G's Opp. Mem. Ex. A (summary of alleged rumor- spreading activity from 1980 through 1998).

The Court notes that Fed. R. Evid. 902(6) addresses authentication, not hearsay.[2]  Further,

for the reasons stated above, insofar as the newspaper article, books or internet evidence

relate to incidents or persons other than the rumor in the above-stated time frame, it is not

relevant.  The Court will consider this evidence on an exhibit-by-exhibit basis at trial.

P & G's Motion in Limine No. 3 To Exclude Evidence of Court Rulings From Other

Cases (Docket No. 995) is GRANTED.

P & G's Motion in Limine No. 4 to Exclude Evidence of Discovery Disputes and This

Court's Rulings on Discovery Disputes (Docket No. 996) is GRANTED.  Defendants will,

however, be allowed to present their theory challenging damages by means of Dr. Welch's

expert opinion that Plaintiffs' expert's damages estimates are not valid because the data

was cherry picked by selecting only some but not all of the P & G products.  If this issue

is raised, Dr. Rosen will be allowed to respond.  However, no party shall refer to any

alleged obligation to provide such information without first having made a proffer on the

issue outside of the hearing of the jury.

P & G's Motion in Limine No. 5 to Limit Testimony Re: Length of Proceedings

(Docket No. 997) is GRANTED except if it is necessary to refer to dates of the events at

issue.  The Court finds that any testimony on the length of the proceedings and/or the

effect of such length on any person or business is not relevant.  Further, if it were relevant,

any probative value would be substantially outweighed by the fact that it would be highly

---

[2]*E.g Pallotta v. United States,* 404 F.2d 1035, 1036 (1st Cir. 1968) (newspaper
article not admissible for the purpose of proving that statements therein were actually
made by him).

prejudicial to Plaintiffs and would also unduly confuse issues before the jury.  Counsel are to caution their witnesses regarding such testimony.

P & G's Motion in Limine No. 6 to Exclude Evidence Re: Monthly Sales Memoranda (Docket No. 998) is DENIED and such evidence will be allowed if foundation can be laid that the report's author was (1) aware of the satanism rumor and (2) did, or did not, consider it.  Such foundation should be considered outside of the hearing of the jury.

P & G's Motion in Limine No. 8 to Exclude Evidence Re: P & G's Financial Records (Docket No. 1000) is GRANTED, except as to those matters covered by Dr. Welch's expert report or Dr. Rosen's expert report.  The Court finds that any other use of this evidence would be prejudicial to Plaintiffs.

P & G's Motion in Limine No. 9 to Prohibit Defendants from Offering Affidavits as Substantive Evidence (Docket No. 1001) is GRANTED.  There will be no affidavit evidence admissible from either side as evidence independent of expert testimony.

P & G's Motion in Limine No. 10 to Exclude Witnesses and Exhibits Not Listed in Defendants' Pretrial Disclosures (Docket No. 1002) is DENIED.  Defendants failed to list deposition witnesses and several exhibits in their pretrial disclosures.  Plaintiffs attended the depositions at issue. All of the omitted materials were the subject of discovery, were known to Plaintiffs, and many were initially provided by Plaintiffs.

Fed. R. Civ. P. 37(c)(1), provides that "[a] party that without substantial justification fails to disclose information required by Rule 26(a) . . . shall not, unless such failure is harmless, be permitted to use as evidence at a trial . . . any witness or information not so disclosed."

4

The Court finds that Defendants' failure to list the witnesses and exhibits was inadvertent. The Court further finds that there is no prejudice to Plaintiffs and that the failure to list them was harmless.[3]

P & G's Motion in Limine No. 11 to Exclude Testimony Regarding Dismissed Parties and Claims (Docket No. 1003) is GRANTED on the grounds that the Court finds that such testimony would be irrelevant and prejudicial.  The testimony is excluded as to the fact of the dismissed claims and the reasons for their dismissal and also as to the fact that the parties were previously parties, in this case or in the Texas case, and the reasons for their dismissal in either case.  However, insofar as testimony about the actions of the dismissed parties is relevant to the facts at issue in the remaining claim in the present case, it will be allowed.

P & G's Motion in Limine No. 12 to Exclude Evidence Regarding Product Safety Testing (Docket No. 1004) is GRANTED IN PART AND DENIED IN PART.  The Motion is denied as to data regarding the number of calls, etc., regarding animal testing, which will be allowed.  The Motion is granted as to the media reports, which are excluded.

P & G's Motion in Limine No. 13 to Exclude Evidence that Lacks Foundation (Docket No. 1005) is RESERVED for trial.  The Court will decide foundation challenges on an exhibit-by-exhibit basis during trial.

---

[3] *See Woodworker's Supply, Inc. v. Principal Mut. Life Ins. Co.*,  170 F.3d 985, 993 (10th Cir. 1999) (listing four factors that guide court's discretion to determine whether a Rule 26(a) violation is justified or harmless).

5

P & G's Motion in Limine No. 14 to Exclude Evidence Re: Miscellaneous Criticisms of P&G (Docket No. 1023) is GRANTED IN PART, AND DENIED IN PART.   Evidence, questions, and arguments regarding non-rumor related criticisms of P&G and its products are excluded except as follows: as they (1) relate to the relevant time frame of 1995 though 1998 and (2) were part of an expert's analysis.

P & G's Motion in Limine No. 16 to Exclude Evidence Re: Reasons for Filing Lawsuits (Docket No. 1008) is GRANTED on the grounds that the Court finds that such evidence is not relevant.

Motion in Limine No. 17 to Exclude Evidence Re: P & G's Strategies to Squelch the Satanism Rumor (Docket No. 1009) is GRANTED.  These alleged efforts occurred in the 1980s.  For the reasons stated above, the Court finds that such evidence is not relevant.

Defendants' Motion in Limine to Preclude P & G From Relying on Evidence of Defendants' Unrelated Income or Wealth (Docket No. 1010) is DENIED IN PART and the evidence will be admissible to prove Defendants' damages.  However, as to the speaking fees, the Court reserves ruling on that evidence until it is offered in the context of trial.

Defendants' Motion in Limine to Preclude Any and All Reference to Non-Party Pleadings or Discovery Responses Arising From Separate Action (Docket No. 1011) is GRANTED on the grounds that the material is hearsay.  Neither party will be allowed to introduce such evidence at trial.

Defendants' Motion in Limine to Exclude Amway Documents (Docket No. 1012) is DENIED.  The Court will rule on the Amway documents on an exhibit-by-exhibit basis at trial.

Defendants' Motion in Limine to Exclude Testimony of Pamela Tilley & Tilley's Flyer (Docket No. 1013) and Defendants' Motion in Limine to Exclude Barbara Charbonneau & Charbonneau's Flyer (Docket No. 1019) are RESERVED FOR TRIAL.  The Court will determine at trial whether Plaintiffs have shown an adequate foundation for introduction of this evidence.

Defendants' Motion in Limine to Preclude P&G From Relying on Evidence of Non-Parties' Income or Wealth (Docket No. 1014) is GRANTED IN PART as to Ex. 247,[4] and it is excluded.  However, the Court will determine the admissibility of Ex. 257 in the context of trial.

Defendants' Motion in Limine to Exclude the Yager System & the Britt/Yager System (Docket No. 1015) is DENIED.  However, the admissibility of any such evidence will depend on the context in which it is offered at trial.

Defendants' Motion in Limine to Exclude Amway's Alleged Involvement in Spreading the Rumor (Docket No. 1016) is GRANTED.   For the reasons stated above, the historical information regarding the rumor is not relevant to this case.

Defendants' Motion in Limine to Exclude Statement of Rhonda Coody Beard (Docket No. 1017) is GRANTED and Ms. Beard's Affidavit and Interview are excluded.

---

[4]In their Opposition Plaintiffs withdraw Ex. 247.

Defendants' Motion in Limine regarding "Pyramid Scheme" and Similar Phrases (Docket No. 1018) is GRANTED IN PART, and Plaintiffs may not refer to Defendants as part of a pyramid scheme, graphically represent Defendants as a part of a "pyramid scheme," or introducing testimony concerning "pyramid schemes," or "Ponzi schemes." However, the Court will allow evidence regarding the hierarchical nature of the Amway system.

Defendants' Motion in Limine to Exclude Transcripts from the Texas Trial (Docket No. 1020) is DENIED.  The Court finds that Defendants waived such objection by their prior acquiescence.  Further, the Court finds that it would be unfair to allow Defendants to use depositions from the Texas case but to deny Plaintiffs the use of the Texas trial testimony. However, the Court will consider a limiting instruction at the time such evidence is introduced.  Defendants shall submit such a  proposed instruction no later than Monday, March 5, 2007, at 5:00 p.m.

Defendants' Motion in Limine to Exclude Defendant's Tax Documents as Evidence of Damages (Docket No. 1021) is RESERVED for determination in the context of trial.

Defendants' Motion in Limine to Exclude Transcript of Recording (Docket No. 1022) is DENIED.   The Court finds that both the recording and the transcript of the recording will be helpful to the jury.   It is further

ORDERED that Counsel shall inform their witnesses of any portions of anticipated testimony that has been excluded. There shall be no questions, statements, or argument by counsel referring to excluded evidence prior to a proffer and ruling outside of the presence of the jury.

8

SO ORDERED.

DATED March 2, 2007.

BY THE COURT:

_____

TED STEWART
United States District Judge