IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

NORTHERN DIVISION

| | |
|---|---|
| THE PROCTER & GAMBLE COMPANY and THE PROCTER & GAMBLE DISTRIBUTING CO., <br><br>　　Plaintiffs, <br><br>vs. <br><br>RANDY L. HAUGEN, et al., <br><br>　　Defendants. | MEMORANDUM DECISION AND ORDER GRANTING DEFENDANTS' MOTION IN LIMINE AS TO PLAINTIFFS' EXPERTS DIFONZO AND BORDIA <br><br><br><br>Case No. 1:95-CV-94 TS |

This matter is before the Court for consideration of Defendants' Motion in Limine as to Plaintiffs' Experts Dr. Difonzo and Dr. Bordia. Defendants raise *Daubert*[1] challenges to these experts and seek to exclude their testimony at trial.

At the Final Pretrial Conference held on February 13, 2006, the Court announced its anticipated ruling on the present motion and set the February 23, 2007 deadline for filing additional motions in limine. During the week between February 23, 2007 and March 2,

---

[1]*Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993).

1

2007, the parties filed and briefed, and the Court decided, twenty-three additional Motions in Limine. Those rulings substantially narrowed the scope of the testimony and exhibits for trial.

In view of these rulings, and the Court having considered the present Motion in view of the *Daubert* analysis, the Court finds that the expert testimony of Drs. DiFonzo and Bordia no longer "fits" this case. A review of their expert report shows that it almost entirely addresses the following: the alleged long history of the Satanic rumor dating back through the 1980s; the alleged involvement of others in spreading the same or similar false Satanism rumors; the alleged spreading of the rumor outside of the relevant time frame; the alleged spreading of rumors other than the rumor at issue in this case; alleged acts or failures to act by dismissed parties; criticisms of P & G and its products not related to the Satanic rumor; and Amway's alleged involvement in spreading the rumor. These are all matter which have been excluded from trial.[2] Even where their report address the incident at issue in this case, it does so in terms of Amway's alleged failure to act.[3]

As this Court noted in a previous Order regarding Plaintiffs' experts House and Fry, one of the *Daubert* factors is "fit."[4]

> [I]n fulfilling its *Daubert* obligations a trial court must also conduct a further inquiry into whether proposed testimony is sufficiently "relevant to the task at hand." Relevant evidence "means evidence having any tendency to make

---

[2] Docket No. 1079 (Mem. Dec. and Order on Motions in Limine).

[3] *E.g.* Report at 23.

[4] Docket No. 985 (quoting *Bitler v. A.O. Smith Corp.*, 391 F.3d 1114, 1121 (10th Cir. 2004)).

the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." The Supreme Court has described the consideration of relevant evidence as one of "fit." A trial court must look at the logical relationship between the evidence proffered and the material issue that evidence is supposed to support to determine if it advances the purpose of aiding the trier of fact. Even if an expert's proffered evidence is scientifically valid and follows appropriately reliable methodologies, it might not have sufficient bearing on the issue at hand to warrant a determination that it has relevant "fit." Testimony concerning the laws of quantum mechanics may be scientifically relevant, but may have no practical relevance to testimony concerning the function and possible failure of a water heater safety valve control. Evidence appropriate for one purpose, therefore, may not be relevant for a different purpose, and it is the trial court's task to make this fitness determination.[5]

As a result of the Court's rulings in its Order on Motions in Limine, the evidence offered by these experts no longer "fits" this case because it is nearly all based upon, or relates to, matters that are excluded.  As a result, the Court need not address any other *Daubert* factors such as these experts' qualifications or the reliability of their methodology. Regardless of their qualifications or methodology, the DiFonzo and Bordia Expert Report has no practical relevance to the narrow issues that remain for trial in this case.  It is therefore

---

[5] *Id.* at 1121 (quoting *Daubert*, 509 U.S. at 591, 597) (other internal citations and quotations omitted).

3

ORDERED that Defendants' Motion in Limine as to Plaintiffs' Experts DiFonzo and Bordia (Docket No. 935) is GRANTED.

DATED March 5, 2007.

BY THE COURT:

_____
TED STEWART
United States District Judge