IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

NORTHERN DIVISION

| | |
|---|---|
| THE PROCTER & GAMBLE COMPANY and THE PROCTER & GAMBLE DISTRIBUTING CO., <br><br> Plaintiffs, <br><br> vs. <br><br> RANDY L. HAUGEN, et al., <br><br> Defendants. | MEMORANDUM DECISION AND ORDER DENYING DEFENDANTS' MOTION IN LIMINE AS TO PLAINTIFFS' EXPERT HAUSER <br><br><br><br> Case No. 1:95-CV-94 TS |

This matter is before the Court for consideration of Defendants' Motion in Limine as to Plaintiffs' Expert Dr. Hauser. Defendants raise a *Daubert*[1] challenge to this expert and seek to exclude his testimony from trial.

The Court has set forth the applicable *Daubert* case law in its prior Memorandum Decision involving Plaintiff's Expert Rosen,[2] and incorporates and applies that case law herein.

---

[1]*Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993).

[2]Docket No. 988.

1

Dr. Hauser designed and conducted two surveys for this case.  Based on those surveys he offers expert opinions regarding (1) the amount of Amway product sold to people who are not affiliated with Amway distributors; and (2) the percentage of consumers whose purchasing of products is likely to be affected by hearing the rumor at issue in this case.[3]

Defendants contend that Dr. Hauser's opinion will not be helpful, that he is not qualified, that his evidence is not relevant, and that his methodology is not reliable. Plaintiffs contend that Dr. Hauser is well-qualified, that his surveys were conducted with accepted methodology, and that his testimony will be helpful to the jury.

"Under Rule 702, a district court must satisfy itself that the proposed expert testimony is both reliable and relevant, in that it will assist the trier of fact, before permitting a jury to assess such testimony."[4]

Addressing the issue of qualifications first, the Court finds that Plaintiffs have met their burden of establishing that Dr. Hauser's knowledge and experience qualify him as an expert in marketing and show he is qualified to conduct to perform the qualitative research he relies upon.  Dr. Hauser is an MIT professor of Management Science who has over 30 years of experience teaching and writing on marketing issues.[5]  He has written numerous articles and books, including textbooks, on marketing and consumer behavior.  He testified

---

[3] *See* Docket No. 983 Mem. Dec. And Order on Motions for Summary Judgment on Lanham Act Claim, at 1-2 (explaining background facts of rumor).

[4] *United States v. Rodriguez-Felix*, 450 F.3d 1117, 1122-23 (10th Cir. 2006) (citations omitted).

[5] Pl.s' Ex. A (Hauser Academic Vita).

that rumor is a form of communication under marketing.[6]  Dr. Hauser's methodology is qualitative research and, as Defendants' expert's citations to his work show, he is a recognized as a leader in his field.

The Court will next examine Dr. Hauser's two qualitative surveys under the reliability prong of *Daubert*.  His first survey is a telephone survey designed to determine the identities of purchasers of a major Amway product–its SA-8 laundry detergent (usage study).  This survey uses a small sample of households selected by using an established random method of selecting telephone numbers.  The actual telephone interviews were conducted as a double blind method where neither the interviewers nor the participants were aware of the purpose of the study.  An experienced firm conducted the interviews and the follow-up studies of a predetermined category of respondents.

Dr. Hauser's second survey, the rumor study, was also a qualitative study of persons selected by random-digit dialing and from a database of randomly selected individuals maintained by market research firms in four cities.  These interviews were videotaped and were conducted by interviewers who had been trained by conducting pretest and practice interviews.  This study involved the trained researcher reading the interviewee the rumor at issue in this case together with carefully selected rumors involving two other nationally-known firms.  After each story, the interviewees was asked if he or she were aware of the rumor, what their thoughts and impressions of the rumor were and about their past, current and likely future purchasing behavior.  The interviews were reviewed and

---

[6]Pl.s' Ex. 2 (Hauser 1998 Deposition), at 38.

evaluated by three trained judges who watched and evaluated the videotapes in random order in separate rooms. The evaluations were cross checked and the reliability across judges' evaluations was found to be high. The survey determined a percentage of consumers who believed or probably believed the rumor, and who would decrease or probably decrease their purchases of P & G products as a result. The results were tested against a standard for error.[7]

Considering the four non-exclusive factors that the Supreme Court in *Daubert* listed for a trial court's use in making reliability assessments,[8] the Court finds that all of the factors support a finding of reliability for the methodology used by Dr. Hauser. The qualitative theory's use of small samples can be, and has been, tested as set forth in Dr. Hauser's award winning and frequently cited paper.[9] The theory has been subjected to peer review and publication. There are standards for the measuring rates of error.[10] And this theory has been accepted in the relevant field of marketing.

The Court finds that Plaintiffs have met their burden of showing that the methodology is reliable. Where the Court has determined that Plaintiffs have met their burden of showing that the methodology is reliable, the expert's application of the methodology and his or her conclusions are issues of credibility for the jury.

---

[7]*See* Ex. B, at 15 n.13 (explaining method used to assess reliability of results).

[8]*Bitler v. A.O. Smith Corp.*, 391 F.3d 1114, 1119 (10th Cir. 2004) (quoting *Daubert*, 509 U.S. at 589, 592-93, 597) (listing four factors).

[9]Pl.s Ex. C.

[10]*See* footnote 7, supra.

In variations of their argument that the small samples used in qualitative study are not sufficient, Defendants argue that "connective reliability" and "foundational reliability" are not shown.  The Court finds that the size of the sample of consumers to be interviewed, the selection of the cities from which the interviewees are drawn, and the accuracy of the three judges who evaluated the interviews, are all challenges to the credibility of this expert's conclusions.  As such, they can be raised on cross examination, the traditional method of challenging expert evidence that the Court finds admissible but that the party asserts is "shaky."[11]

Defendants next contend that the usage study does not "fit" this case. This raises the second *Daubert* prong.

> Assuming [the] reliability prong is met, the court will still consider other non-exclusive factors to determine whether the testimony will assist the trier of fact: (1) whether the testimony is relevant; (2) whether it is within the juror's common knowledge and experience; and (3) whether it will usurp the juror's role of evaluating a witness's credibility. In essence, the question is "whether [the] reasoning or methodology properly can be applied to the facts in issue."[12]

Defendants do not contest the relevance of the rumor study but do contend that usage study relates only to the issues at the Texas trial and not to the remaining issue in this trial.  The Court agrees with Plaintiffs that the usage study is relevant to Defendants' position that the Amvox Messages were only sent amongst themselves and the implication that it did not travel outside that community.  The Court finds it relevant for that purpose.

---

[11] *Daubert*, 509 U.S. at 596.

[12] *Rodriquez-Felix*, 450 F.3d at 1123 (quoting *Daubert*, 509 U.S. at 593).

Lastly, Defendants contend that the evidence should be excluded under Fed. R. Evid. 403 on the grounds of unfair prejudice, undue delay, and jury confusion. The Court finds no prejudice, no undue delay, and does not find that the testimony and evidence is likely to result in juror confusion. It is therefore

ORDERED that Defendants' Motion in Limine as to Plaintiffs' Expert Hauser (Docket No. 936) is DENIED.

DATED March 5, 2007.

                              BY THE COURT:

                              _____
                              TED STEWART
                              United States District Judge