IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

NORTHERN DIVISION

| | |
|---|---|
| THE PROCTER & GAMBLE COMPANY and THE PROCTER & GAMBLE DISTRIBUTING CO., <br><br>     Plaintiffs, <br><br> vs. <br><br> RANDY L. HAUGEN, et al., <br><br>     Defendants. | MEMORANDUM DECISION AND ORDER ON PEEPE CERTIFICATION <br><br><br><br> Case No. 1:95-CV-94 TS |

Procter & Gamble has filed the Certification of Cynthia Peepe (Peepe Certification), a custodian of the records to establish the authenticity of the documents found in Pl.s' Ex. 382D. Defendants contend that the Peepe Certification is not sufficient and seek to require the custodian to personally appear to authenticate these records.

> Rule 803(6) permits the authentication of a business record by the "custodian" of the record or any "other qualified witness." Fed. R. Evid. 803(6). Ordinarily, the custodian or other qualified witness will testify in court that it was the "regular practice" of the business to make and keep the business record. Alternatively, the plaintiff can certify the document under Rule 902(11) or . . . which require[s] the plaintiff to introduce at trial a "written declaration" by the custodian or other qualified person that the record:

1

>   (A) was made at or near the time of the occurrence of the matters set forth by, or from information transmitted by, a person with knowledge of those matters;
>   (B) was kept in the course of the regularly conducted activity; and
>   (C) was made by the regularly conducted activity as a regular practice.
>
> In both situations, the custodian need not be the individual who "personally gather[ed] . . . in a business record. The custodian of the records need not be in control of or have individual knowledge of the particular corporate records, but need only be familiar with the company's recordkeeping practices."[1]

Similarly, "there is no requirement that the party offering a business record produce the author of the item."[2]

The Court has reviewed the Peppe Certification and finds that it complies with Fed. R. Evid. 803(6) and 902(11). The Peepe Certification states[3] that the records were made contemporaneously with the events and were kept in the course of a regularly conducted business activity[4] as required to show that the records are business records covered by Rule 803(6). The Peepe Certification also shows that the requirements of subsections (11)(A) through 11(C) were met.[5] Therefore, the Court finds that a foundation for admissibility of the documents has been met.

---

[1] *Thanongsinh v. Board of Educ.* 462 F.3d 762, 777 (7th Cir. 2006) (quoting *United States v. Jenkins*, 345 F.3d 928, 935 (6th Cir.2003) (internal quotation marks and citations omitted).

[2] *FDIC v. Staudinger*, 797 F.2d 908, 910 (10th Cir. 1986).

[3] Certification at ¶ 7 and 11.

[4] *Id.* at ¶ 6 and 7.

[5] *Id.*

SO ORDERED

DATED  March 6, 2007.

                              BY THE COURT:

                              _____
                              TED STEWART
                              United States District Judge