IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

NORTHERN DIVISION

| | |
|---|---|
| THE PROCTER & GAMBLE COMPANY and THE PROCTER & GAMBLE DISTRIBUTING CO.,<br><br>Plaintiffs,<br><br>vs.<br><br>RANDY L. HAUGEN,<br><br>Defendants. | MEMORANDUM DECISION AND ORDER ON P & G'S OBJECTION TO DEFENDANTS' REQUEST TO PRODUCE LIVE WITNESSES<br><br><br><br>Case No. 1:95-CV-94 TS |

This matter is before the Court on P & G's Objection to Defendants' Request to Produce Live Witnesses.  The Court has reviewed the parties' positions and will sustain the Objection as follows.

The Court first finds that the request to produce live witnesses is untimely.  A party does not get to start over on discovery just because they received unfavorable rulings on the Motions in Limine that were filed little more than a week before trial.  Second, the Court finds that three of the requested live witnesses are no longer P & G employees.  The Court has no authority to require P & G to produce persons at the last minute who are not P & G employees.  Third, the depositions of all of the requested witnesses were taken and it

was agreed certain depositions would be used in lieu of live witnesses.  Thus, Defendants have the preserved testimony of the witnesses and are not prejudiced.  Fourth, Defendants fail to make a specific showing as to the need for the live testimony for any of the requested witnesses except for Stephen David.  In addition to the fact that he is no longer a P & G employee, if Defendants did not lay sufficient foundation in his deposition to tie any monthly sales reports prepared by him to the 1995 rumor, such exhibits are not relevant and the Court does not see how Defendants could have assumed otherwise.

Defendants contend that if their last minute demand to produce live witnesses is not granted that they are entitled to have the Court instruct the jury that it may infer that any testimony would have been negative.  The Court finds that such an instruction is not warranted simply on the basis of P & G's failure to agree to Defendants' last minute demand to change the long-standing agreement and produce live witnesses instead of deposition testimony.

DATED  March 7, 2007.

BY THE COURT:

_____

TED STEWART
United States District Judge