IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

NORTHERN DIVISION

| | |
|---|---|
| THE PROCTER & GAMBLE COMPANY and THE PROCTER & GAMBLE DISTRIBUTING CO., <br><br> Plaintiffs, <br><br><br> vs. <br><br> RANDY L. HAUGEN, et al., <br><br> Defendants. | MEMORANDUM DECISION AND ORDER GRANTING P & G'S MOTION FOR LEAVE TO PRESENT DIFONZO TESTIMONY <br><br><br><br> Case No. 1:95-CV-94 TS |

This matter is before the Court on Procter & Gamble (P & G's) Motion for Leave to Present Testimony by Dr. DiFonzo. Dr. DiFonzo's testimony is the subject of two prior orders.[1]

P & G seeks leave to present testimony based upon Dr. DiFonzo's 2003 Report. P & G represents that the testimony will not involve excluded matters, such as opinions regarding non-party Amway. P & G argues that Dr. DiFonzo's core opinions would be

---

[1]Docket Nos. 1089, 1094.

1

helpful and would "fit" this case—specifically material on several pages of his report[2]— and is also necessary if Defendants' expert Fine testifies as to the same issues.

Defendants contend that the 2003 Report contains no science or expertise, is merely regurgitation of facts provided by P & G, and does not differ much from the excluded opinions in the 1998 Report.

Having reviewed the submissions, including the cited portions of the 2003 DiFonzo Report and Fine Report, the Court finds that Plaintiffs have shown that Dr. DiFonzo's testimony would be helpful to educate the jury as to the general principles of rumor dynamics.

This type of specialized knowledge is permitted under Fed. R. Evid. 702, if it meets the criteria.  The Advisory Committee's note explains that criteria:

> If the expert purports to apply principles and methods to the facts of the case, it is important that this application be conducted reliably.  Yet it might also be important in some cases for an expert to educate the factfinder about general principles, without ever attempting to apply these principles to the specific facts of the case. For example, experts might instruct the factfinder on the principles of thermodynamics, or bloodclotting, or on how financial markets respond to corporate reports, without ever knowing about or trying to tie their testimony into the facts of the case. The amendment does not alter the venerable practice of using expert testimony to educate the factfinder on general principles. For this kind of generalized testimony, Rule 702 simply requires that: (1) the expert be qualified; (2) the testimony address a subject matter on which the factfinder can be assisted by an expert; (3) the testimony be reliable; and (4) the testimony "fit" the facts of the case.[3]

---

[2]Pl.'s Ex. A at 2-9, 11-15, 18.

[3]Fed. R.  Evid. 702, advisory committee's note, 2000 Amendments.

P & G has shown that Dr. DiFonzo is qualified in the field of psychology and rumors.[4]  He has a Ph.D in psychology, with a concentration in social and organizational psychology.  He has received grants to conduct research involving rumors, has co-authored many articles on rumor-related issues, and has presented his work on rumors at numerous professional conferences.  The Court finds that P & G has shown that he has scientific or specialized knowledge that will assist the jury to understand the evidence or to determine a fact in issue as required under Rule 702.

The Court finds that the proposed testimony addresses a subject matter on which the factfinder can be assisted by an expert, rumor dynamics not being a subject which could be expected to be in the common knowledge or experience of jurors.

The Court finds that Dr. DiFonzo's scientific and specialized knowledge is reliable under the non-exclusive *Daubert*[5] factors.  Not all of the *Daubert* reliability factors apply to this type of educational expert testimony.  However, the factors that do apply—peer-review and published, and acceptance of the methodologies within the relevant scientific community—are met.[6]

---

[4]Pl.'s Ex. A, DiFonzo Curriculum Vita.

[5]*Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993).

[6]*Id.* at 593-94.

The relevance factor requires that "a 'fit' exists between the proffered testimony and the issue to be resolved by trial."[7]  The Court finds that the DiFonzo testimony "fits" the facts of the case.

Having considered those factors relevant to admission of expert testimony offered for the purpose of educating the jury on principles, Dr. DiFonzo's testimony is admissible as to his scientific and specialized knowledge of such issues as the "nature of rumors and rumor transmission, what causes belief in rumors, the known harmful effects of rumors and effectiveness of efforts to stop rumors."[8]

However, as to his application of the principles and methodology to the facts of this case, the Court agrees with Defendants that it does not meet the *Daubert* factors.  Instead, it is largely Dr. DiFonzo's discussion and arguments regarding P & G's version of the facts of this case rather than an application of a methodology.  Therefore, the Court will permit the DiFonzo testimony insofar as it educates the jury on his general principles.  But the Court finds that his opinion is not admissible insofar as it purports to apply those principles to the facts of this case.

Having briefly reviewed the Fine Report, the Court tentitively finds that it is subject to this same ruling under the same analysis.

It is therefore

---

[7]*Banks v. United States*,  2007 WL 474027, *3 (Fed.Cl. 2007) (quoting *Daubert,* 509 U.S. at 591).

[8]Pl.'s Mem. at 3.

4

ORDERED P & G's Motion for Leave to Present Testimony by Dr. DiFonzo (Docket

No. 1096) is GRANTED as set forth above.

DATED  March 7, 2007.

BY THE COURT:

_____

TED STEWART
United States District Judge

5