IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

NORTHERN DIVISION

| | |
|---|---|
| THE PROCTER & GAMBLE COMPANY and THE PROCTER & GAMBLE DISTRIBUTING CO.,<br><br>Plaintiffs,<br><br>vs.<br><br>RANDY L. HAUGEN, et al,<br><br>Defendants. | MEMORANDUM DECISION AND ORDER DENYING DEFENDANTS' MOTION FOR RECONSIDERATION OF ORDERS IN LIMINE<br><br><br><br>Case No. 1:95-CV-94 TS |

This matter is before the Court on Defendants' Motion for Reconsideration of Orders in Limine on the following grounds: a brief statement in the testimony of one witness taints the record with false evidence; a statement in the testimony of an expert witness that the rumor can have long-lasting effect makes it necessary to allow testimony on the rumor's spread prior to 1995; and the record is tainted with incomplete and misleading evidence. Plaintiffs contend that the testimony at issue was generally elicited by Defendants and that the exhibit was introduced by Defendants.

1

Although the Court retains "discretion to revise interlocutory orders prior to entry of final judgment,"[1] doctrines of judicial economy and law of the law case require that reconsideration be limited to situations where the Court "misapprehended the facts, a party's position, or the controlling law."[2]

Defendants contend that the testimony and exhibits they cite are new circumstances that require reconsideration of the Court's prior rulings excluding some rumor-related evidence. The Court does not agree. The Court finds that Defendants' counsel largely elicited the testimony at issue. The Court also finds that the testimony at issue is not clearly outside the Court's rulings. As the Court has consistently ruled on these issues, some testimony on the issues is allowable within the parameters set by the prior rulings. The brief testimony at issue is not outside those general parameters.

The Court further notes that Defendants have spent a significant amount of their trial time in pushing the edges of those parameters with the result that they elicited the very testimony about which they now complain. Defendants choice of this litigation strategy is not grounds to reconsider the Court's prior rulings. The Court persists in its prior rulings for the very reasons that it originally excluded the evidence–irrelevance, potential for confusion, and prejudice.[3]

---

[1] *Price v. Philpot,* 420 F.3d 1158, 1167 n. 9 (10th Cir. 2005).

[2] Docket No. 1094, March 5, 2007 Memorandum Decision and Order Denying Oral Motion to Reconsider, at *2 (quoting *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000) (citing *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991) (other citations omitted)).

[3] Docket No. 1079, March 2, 2007 Memorandum Decision and Order on Motions in Limine, at *2 n.1 (noting that "it is not always P & G that would unfairly prejudiced by

As to the exhibit, the Court finds that it was offered by Defendants and therefore cannot form the basis for a ruling that its admission creates a record that is prejudicial to Defendants. Defendants knew the parameters of the excluded evidence when they offered the exhibit.

It is therefore

ORDERED that Defendants' Motion for Reconsideration of Orders in Limine (Docket No. 1118) is DENIED.

DATED  March 13, 2007.

                                         BY THE COURT:

                                         _____
                                         TED STEWART
                                         United States District Judge

---

evidence excluded under" ruling).