IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

NORTHERN DIVISION

| | |
|---|---|
| THE PROCTER & GAMBLE COMPANY and THE PROCTER & GAMBLE DISTRIBUTING CO., <br><br> Plaintiffs, <br><br><br> vs. <br><br><br> RANDY L. HAUGEN, et al., <br><br> Defendants. | MEMORANDUM DECISION AND ORDER GRANTING PLAINTIFF'S MOTION FOR PREJUDGMENT INTEREST AND DENYING PLAINTIFF'S MOTION TO AWARD TREBLE DAMAGES <br><br><br><br><br><br> Case No. 1:95-CV-94 TS |

I. INTRODUCTION

Plaintiff moves for an award of prejudgment interest on the jury's verdict of $19.25 million and contends that the actual damage award must be tripled pursuant to 15 U.S.C. § 1117(a). Defendants strongly oppose both requests. The background of the trial and jury verdict are set forth in the Court's Memorandum Decision and Order regarding the juror statements (Order on Juror Statements). Issues regarding the sufficiency of the evidence are resolved in the Court's Memorandum Decision and Order Denying Defendants'

1

Renewed Motion for Judgment as a Matter of Law and Denying Defendants' Motion for a New Trial (Order on Motion for a New Trial).

The Court finds that prejudgment interest should be awarded but finds that damages should not be multiplied under § 1117(a) because the jury's verdict adequately compensated Plaintiff.

## II.  PREJUDGMENT INTEREST

"[I]n the federal context, [the Tenth Circuit] has adopted a preference, if not a presumption, for prejudgment interest."[1]

> [U]nder federal law prejudgment interest is generally available "to compensate the wronged party for being deprived of the monetary value of his loss from the time of the loss to the payment of judgment." Despite the general availability of prejudgment interest absent some justification for withholding it, federal law does not make it available as a matter of right. Factored into these general compensatory principles are "fundamental considerations of fairness."
>
> We have thus applied a two-step analysis to decide whether prejudgment interest should be awarded. "First, the trial court must determine whether an award of prejudgment interest would serve to compensate the injured party. Second, when an award would serve a compensatory function, the court must still determine whether the equities would preclude the award of prejudgment interest."[2]

---

[1] *United Phosphorus, Ltd. v. Midland Fumigant, Inc.*, 205 F.3d 1219, 1236 (10th Cir. 2000).

[2] *Anixter v. Home-Stake Production Co.*, 977 F.2d 1549, 1554 (10th Cir. 1992) (quoting *U.S. Indus., Inc. v. Touche Ross & Co.*, 854 F.2d 1223, 1256-57 (10th Cir. 1988)).

Defendants contend that prejudgment interest would not serve to compensate Plaintiff because no compensatory damages were awarded. Defendants' argument is partially based on their position that the jury's verdict represents an award of attorney fees and other out-of-pocket expenses. Accordingly, they cite *Praseuth v. Rubbermaid, Inc.*,[3] involving the issue of prejudgment interest for an award of attorney fees.[4] However any such argument is based upon the juror statements.[5] Fed. R. Evid. 606(b) precludes the use of the juror statements to show matters or statements occurring during the deliberations or concerning any juror's mental processes in connection with the verdict. Accordingly, as more fully explained in the Order on Juror Statements, the juror statements have been stricken and can form no part of the Court's decision on the present Motion. Therefore, the Court need not address Defendants' arguments which are dependent upon their interpretation of the inadmissible juror statements.[6]

Defendants also argue that the requested prejudgement interest is not required to compensate Plaintiff because the wrong date was used in calculating the prejudgment interest. At trial, there was expert testimony calculating damages from May 1995, shortly after the Amvox Messages were sent, through December 31, 1998. Plaintiff's calculation

---

[3]406 F.3d 1245 (10th Cir. 2005).

[4]*Id*. at 1260.

[5]*See* Defs.' Mem. in Opp. at 6 n.4 and n.6 (quoting and citing the juror statements).

[6]The arguments based upon the inadmissible juror statements are that the award would be a windfall because no compensatory damages were actually awarded (as the verdict overcompensated for "out-of-pocket" expenses, including attorney fees) and the verdict impermissibly awarded attorney fees. *Id*. at 4-6.

3

of the prejudgment interest on the $19.25 million starts in May 1995.[7] Defendants contend that because the majority of the damages were not incurred until 1998, this would be an unfair windfall.

Plaintiff contends that the difficulty in determining the starting date of calculation of prejudgment interest is not a basis for denying prejudgment interest. Plaintiff also points out that its expert testimony established a basis for a damages award between $62 million and $545 million.

The Court has carefully considered the difficulty of establishing a start date for prejudgment interest on damages incurred over a two-and-one-half-year period. Damages were strongly disputed and difficult to determine due to the nature of the injury. Plaintiff should be compensated for the delay in recovering its damages, but not overcompensated. On balance, where the jury did not fix the damages as of dates certain, but instead within a two-and-one-half-year time frame, the Court finds that Plaintiff will be fairly compensated if prejudgment interest begins to accrue on the last day of that period—December 31, 1998.

On the second prong, Defendants contend that equity precludes the award of prejudgment interest in this case. To the extent Defendants' argument regarding equity is based on their position regarding the juror statements, as discussed above, the Court need not address it.

---

[7] Pl.'s Reply Br., Ex. A.

Defendants also argue that the equities preclude an award of prejudgment interest because the long delay in this case was largely caused by the Plaintiff's failed litigation strategy against former defendant Amway. In this connection they cite the related litigation in another district and the three appeals to the Tenth Circuit in this case.

The Court has carefully considered the parties' position on the issue of the lengthy nature of these proceedings, their mutual allegations of fault, and the entire record in this case, including the three decisions from the Tenth Circuit. The Court finds that it would be inappropriate to assign fault for the length of time between the filing of the complaint and the trial to Plaintiff. This case was complicated. It had able attorneys on both sides. Both sides engaged wholeheartedly in the litigation. The motion filing was continuous. Plaintiff prevailed generally on two of the three appeals. Amway, a related party, was only involved in this case for approximately three years, and the appeal (the second appeal) of the decision dismissing Amway was pending from approximately June 2001 through January 2003. During that same time the current Defendants[8] were disputing Plaintiff's non-Lanham Act claims against them. The appeal involving Amway resulted from the same order that dismissed the non-Lanham Act claims against the current defendants who eventually went to trial.[9] Thus, the time in this case that involved Amway also involved the resolution of the non-Lanham Act claims against the current Defendants. Accordingly, that

---

[8] The current Defendants are referred to as the "distributor defendants" in the second appeal involving Amway. *Procter & Gamble Co. v. Haugen, (Procter and Gamble II)*, 317 F.3d 1121, 1133 (10th Cir. 2003).

[9] Docket No. 708, also reported at *Procter & Gamble Co. v. Haugen,* 158 F.Supp.2d 1286 (D. Utah 2001).

time should not be excluded as solely involving claims against dismissed defendant Amway. Further, the Court finds that the delay resulting from the two appeals in which Plaintiff generally prevailed more than balances out the delay resulting from the one appeal in which it did not prevail. Considering the record as a whole, the Court finds that the delay in this case is not attributable to Plaintiff such that it would be inequitable to award prejudgment interest.

The Court awards prejudgment interest. Plaintiff shall submit a new calculation of prejudgment interest from December 31, 1998, through the date of the clerk's judgment in this case. Thereafter, post-judgment interest is based on the statutory rate.[10]

### III. ENHANCED DAMAGES

> The Lanham Act gives a district court discretion to award treble damages: "In assessing damages the court may enter judgment, according to the circumstances of the case, for any sum above the amount found as actual damages, not exceeding three times such amount."[11]

> "Such sum . . . shall constitute compensation and not a penalty."[12]

Plaintiff contends that damages should be enhanced in order to fully compensate it for the injury. It contends that enhanced damages are required to adequately compensate it because its evidence established very high damages and damages to its good will but it was difficult for the jury to ascertain the exact amount of damages. Plaintiff points out that even with the verdict trebled, it would still be recovering less than the

---

[10] *Anixter*, 977 F.2d at 1555.

[11] *United Phosphorus*, 205 F.3d at 1236.

[12] 15 U.S.C. § 1117(a).

6

damages amounts established by its experts.  Plaintiff also argues that Defendants failed to show that others who spread the rumor were responsible for the damages incurred.

Defendants contend that enhanced damages are not appropriate in this case because they did not act willfully, because the jury chose not to fully adopt Plaintiff's experts' testimony, and because Plaintiff failed to put forward any evidence of quantifiable loss of good will.  Defendants also point out that they did not have the burden to prove the extent to which others were responsible for spread of the rumor.  Defendants also make an argument against enhanced damages based on the juror statements, which the Court will not address.

The Court has considered all of the arguments and the entire record in this case. The Court finds that damages were a highly contested issue resolved by the jury's verdict. Good will was an element of damages that was specifically included as an element to be determined by the jury.[13]  Having reviewed that verdict and the evidence at trial, the Court finds that the jury's verdict in the present case adequately compensated Plaintiff. Therefore, no enhancement of the damages is warranted.

Because the Court has determined that the verdict adequately compensates Plaintiff, the Court need not determine whether willfulness is a requirement for the award of treble damages under § 1117(a).

---

[13] Instruction No. 20, ¶ 1 (instructing jury to consider, among other things, "the loss of Procter & Gamble's goodwill, including injury to its general business reputation.").

7

IV.  ORDER

Based upon the foregoing, it is

ORDERED that Plaintiff's Motion to Alter or Amend Judgment to Award Prejudgment Interest (Docket No. 1157) is GRANTED.  It is further

ORDERED that Plaintiff shall file a calculation of prejudgment interest in accordance with the above ruling.  It is further

ORDERED that Plaintiff's Motion to Award Up to Three Times Actual Damages (Docket No. 1157) is DENIED.

DATED this 20th day of June, 2008.

BY THE COURT:

_____
TED STEWART
United States District Court Judge