IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

NORTHERN DIVISION

| | |
|---|---|
| THE PROCTER & GAMBLE COMPANY and THE PROCTER & GAMBLE DISTRIBUTING CO.,<br><br>Plaintiffs,<br><br>vs.<br><br>RANDY L. HAUGEN, et al.,<br><br>Defendants. | MEMORANDUM DECISION AND ORDER ON DEFENDANTS' MOTION FOR REVIEW OF TAXATION OF COSTS<br><br><br><br>Case No. 1:95-CV-94 TS |

## I.  INTRODUCTION

Plaintiff obtained a $19.25 million jury verdict in its favor and, as prevailing party, sought costs in the amount of $483,370.12.[1]  The Clerk of Court disallowed many of the submitted costs and taxed costs in the amount of $122,118.08.[2]

Defendants object to the taxation of any costs and, in the alternative, seek reduction of the taxed costs.

---

[1] Docket No. 1167 (Bill of Costs).

[2] Docket No. 1205 (Taxation of Costs).

The Court finds that Plaintiff is the prevailing party, there are no grounds to disallow costs, and the taxed costs should not be further reduced.

## II.  PRESUMPTION OF AWARD OF COSTS

Under 28 U.S.C. § 1920, "[a] judge or clerk of any court of the United States *may* tax . . . costs."[3]  However, the form of Fed. R. Civ. P. 54 in effect on the date of the filing of Plaintiff's Bill of Costs provides that a prevailing party will normally recover costs:

> Except when express provision therefor is made either in a statute of the United States or in these rules, costs other than attorneys' fees *shall* be allowed as of course to the prevailing party *unless* the court otherwise directs.[4]

The current form of Rule 54(d) provides:

> (1)   Costs Other Than Attorney's Fees. *Unless* a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—*should* be allowed to the prevailing party.[5]

The Court finds that the current version of Rule 54(d) does not change the presumption that the prevailing party will be awarded attorney fees.  Because the analysis would be the same under either version of Rule 54(d), the Court need not determine if it is "just and practical"[6] to apply the current form of Rule 54(d), effective December 1, 2007,

---

[3] 28 U.S.C. § 1920 (emphasis added).

[4] Former Fed. R. Civ. P. 54 (emphasis added).

[5] Fed. R. Civ. P. 54(d)(1).

[6] The Order of the United States Supreme Court Adopting and Amending the Federal Rules of Civil Procedure, at ¶ 3 (April 30, 2007) (providing that the 2007 Amendments shall be effective December 1, 2007, shall govern in all proceedings commenced after December 1, 2007, "and, insofar as just and practicable, all proceedings then pending").

when all of the events at issue in the present case occurred when the former rule was in effect.

> Whether or not a prevailing party shall be awarded costs is "within the court's sound discretion." Nevertheless, Rule 54 creates a presumption that the district court will award the prevailing party costs. Thus the established rule is that costs are generally awarded to the prevailing party. The burden is on the non-prevailing party to overcome this presumption.[7]

The Court "can refuse to award costs in mixed result cases or in cases where a party only partially prevails."[8]

> We have discussed the circumstances in which a district court may properly exercise its discretion under Rule 54(d) to deny costs to a prevailing party. We have held that it is not an abuse of discretion for a district court to refuse to award costs to a party that was only partially successful. Other circuits have held that district courts did not abuse their discretion when they refused to award costs to prevailing parties who were obstructive and acted in bad faith during the course of the litigation. Courts have also held that it was not an abuse of discretion for district courts to deny costs when damages were only nominal, . . . . The Sixth Circuit has similarly held that a district court may deny a motion for costs if the costs are unreasonably high or unnecessary, a prevailing party's recovery is insignificant, or the issues are close and difficult.[9]

For purposes of Rule 54(d)(1), "the litigant in whose favor judgment is rendered is the prevailing party."[10]

---

[7] *Rodriguez v. Whiting Farms, Inc.*, 360 F.3d 1180, 1190 (10th Cir. 2004) (quoting *Homestake Mining Co. v. Mid-Continent Exploration Co.*, 282 F.2d 787, 804 (10th Cir. 1960) (additional citations omitted).

[8] *Ag Services of America, Inc. v. Nielsen*, 23 Fed. Appx. 945, 947 (10th Cir. 2001) (citing *Barber v. T.D. Williamson, Inc.*, 254 F.3d 1223, 1234 (10th Cir. 2001)).

[9] *Cantrell v. IBEW, Loc. 2021*, 69 F.3d 456, 459 (10th Cir. 1995) (citing *White & White, Inc. v. American Hosp. Supply Co.*, 786 F.2d 728, 730 (6th Cir. 1986)).

[10] *Chavez Properties-Airport Parking Albuquerque, LP v. Lorentzen*, 204 Fed. Appx. 745, 754 (10th Cir. 2006) (quoting *Barber*, 254 F.3d at 1234 and citing *Head v.*

Defendants also argue that the following categories of the taxed costs should be reduced: deposition transcripts, trial exhibit costs, and fees of the Clerk. In their initial Memorandum,[11] Defendants additionally contested the costs that were disallowed and not taxed by the Clerk of Court. However, because Plaintiff has not objected to that disallowance, the Court need not address those items.

Plaintiff contends that the costs, as taxed, should not be further reduced.

### III.  ANALYSIS

A.  No Basis to Entirely Deny Costs

Defendants contend costs should be entirely disallowed because: (1) Plaintiff is not the prevailing party; (2) Plaintiff was obstructive and acted in bad faith during the litigation; (3) the trial involved a close or difficult question; (4) the requested costs are unreasonably high or were unnecessary.

Plaintiff contends that it is the prevailing party, that Defendants have not overcome the presumption that the taxed costs should be awarded, and disputes Defendants' arguments regarding denial of costs.

---

*Medford*, 62 F.3d 351, 354 (11th Cir.1995) as holding "[c]ases from this and other circuits consistently support shifting costs if the prevailing party obtains judgment on even a fraction of the claims advanced.").

[11]Docket No. 1207.

Defendants first contend that Plaintiff is not the prevailing party because it was only partially successful as all of its state law claims were dismissed and all of its claims against Amway were dismissed.[12]

The Court has thoroughly reviewed the entire record in this case in connection with the issues of taxation of costs as well as in connection with the other post-trial motions. The Court finds that Plaintiff prevailed on the major issue in this litigation—the Lanham Act claim for damages against the Defendants based on their dissemination of the admittedly false Amvox Messages. That Plaintiff brought alternative theories of recovery under state law or the Lanham Act does not alter the nature of the major issue. Similarly, the fact that during some of the time this case was pending there was another defendant (Amway) against whom Plaintiff also sought relief on various theories does not change the major issue because Plaintiff's claims against Amway were based on vicarious liability for the acts of the current Defendants.[13] Thus, the claims herein against Amway were dependent on the major issue. For this reason, the Court rejects Defendants' argument that their status in the present case is that of being merely bystanders to Plaintiff's claims against Amway.

In connection with its argument that Plaintiff was not the prevailing party, Defendants contend that it is manifestly unjust to award costs against them when the Court

---

[12] For the reasons stated in its prior Orders, the Court need not address Defendants' argument that Plaintiff is not the prevailing party to the extent that argument is based on the juror statements. *See* Docket No. 1208; Def.s' Mem. at 3 n.1.

[13] To the extent that Plaintiff briefly attempted to bring claims against Amway that were not based on vicarious liability, that attempt was rejected. *See Procter & Gamble Co. v. Haugen,* 158 F.Supp.2d 1286, 1292-95 (D. Utah 2001), *aff'd, Procter & Gamble Co. v. Haugen, (Procter & Gamble II)*, 317 F.3d 1121, 1133 (10th Cir. 2003).

denied costs to Amway when it was dismissed.  However, the decision as to Amway and costs was based upon the record at that time and is not dispositive of the issue of costs awardable to the prevailing party after the jury trial.

In sum, the jury found in favor of Plaintiff and against Defendants on the major issue in this case—the only claim submitted—and awarded damages of $19.25 million. Although it was less than Plaintiff sought, the $19.25 million verdict constitutes very substantial damages.  Judgment was entered in favor of Plaintiff in the amount of the verdict.  The Court has awarded prejudgment interest on that amount.[14]  The Court finds that Plaintiff is the prevailing party.

Defendants next argue that costs should not be awarded because Plaintiff was obstructive and acted in bad faith during the litigation.  This argument is based on three things.  First, that in the second of the three appeals in this case, the Tenth Circuit chided Plaintiff for asserting a position against Amway that the circuit found was contrary to its mandate in the first appeal.[15]  Second, because Plaintiff filed a related case in another district (the Texas case).  Third, because this Court entered a sanction against Plaintiff for failing to comply with a discovery order.

For the reasons stated in the Order on Prejudgment Interest, the Court found that fault for delay in this case is not attributable to Plaintiff and that the delay arising from the

---

[14]The Clerk's Judgment will be amended to include prejudgment interest as calculated in accordance with the Memorandum Decision and Order granting Plaintiff's Motion for Prejudgment Interest and Denying Plaintiff's Motion to Award Treble Damages (Order on Prejudgment Interest). Docket No. 1215.

[15]*Procter & Gamble II*, 317 F.3d at 1133.

6

second appeal (involving the Amway claims) was more than balanced out by the delay resulting from the two appeals in which Plaintiff prevailed.  Despite chiding Plaintiff in the second appeal, the Tenth Circuit did not find the second appeal was frivolous or award fees or costs to Defendants in connection therewith.  Any request for any sanctions for the second appeal should have been addressed, if at all, in connection with that second appeal.

Regarding the Texas case, all issues of costs relating to the Texas case[16] were addressed therein[17] and are not an appropriately addressed herein.[18]

On Defendants' third point, the discovery sanction, the Court notes that the Order imposing the discovery sanction[19] was reversed on appeal in *Procter & Gamble III*.[20]  In *P & G III*, the Tenth Circuit examined in detail the background of the discovery dispute, and found that "it is impossible to conclude that P & G acted with the requisite culpability to

---

[16] The related Texas litigation is summarized in *Procter & Gamble II*, 317 F.3d at 1224 n.2.  *See also Procter & Gamble Co. v. Haugen*, 506 F.Supp.2d 883, 885 nn.1 and 2 (D. Utah 2007) (listing related cases).

[17] *See Procter & Gamble Co. v. Amway Corp.*, 280 F.3d 519, 531 (5th Cir. 2002) (reversing and remanding for further proceedings trial court's three orders awarding costs to defendants).

[18] An exception would be where a specific cost is shown to have been previously awarded in another case—not an argument made by Defendants.

[19] Docket No. 810 at ¶¶ 1 and 2 (Order granting Defendants' Motion for Sanctions and dismissing case).

[20] *Procter & Gamble Co. v. Amway Corp., (Procter & Gamble III)*, 427 F.3d 727, 738-741 (10th Cir. 2005).

justify the sanction of dismissal."[21] The Tenth Circuit also found there were material issues regarding whether Defendants were prejudiced by the lack of access to the discovery material, and if so, how much.[22] Accordingly, that reversed Order does not establish obstructive behavior supporting denial of costs.

Defendants next argue that the difficulty and complexity of the case justifies denial of costs. The parties disagree on the scope of the determination of difficulty and complexity. Defendants contend that the scope includes the entire history of the dispute against former defendant Amway, including the Texas case. Plaintiff contends that the scope is limited to the actual trial.

As discussed above, the issue of awarding costs in the present case is limited to the parameters of this case and therefore the Court need not address the difficulty or complexity as it involves the parties' involvement in cases in other jurisdictions.

This was a case with a complicated procedural history, several defendants, and highly-contested expert evidence. But in difficulty and complexity this case in no way approaches the difficulty or complexity of the antitrust case in the Sixth Circuit case cited in *Cantrell*[23] as a circumstance justifying the denial of costs. As a subsequent Sixth Circuit

---

[21] *Id*. at 739-40.

[22] *Id*. at 740-41.

[23] 69 F.3d at 1234, (citing *White & White*, 786 F.2d at 730). The trial in *White & White*, "consumed 80 trial days, requir[ed] 43 witnesses, produced 800 exhibits, generated almost 15,000 pages of transcript, and begat a 95 page opinion"). *White & White*, 786 F.2d at 732.

case, *Hunter v. General Motors Corp.*,[24] makes clear, denial of costs based upon the *White & White* "close and difficult" case exception requires more than mere "close factual questions."[25]

Further, the Tenth Circuit has clarified that although "the presentation of issues that are close and difficult" is a "circumstance[] in which a district court may properly exercise its discretion under Rule 54(d) to deny costs to a prevailing party," because "the denial of costs is 'in the nature of a severe penalty,' 'there must be some apparent reason to penalize the prevailing party if costs are to be denied.'"[26] As in *Rodriguez v. Whiting Farms, Inc.*,[27] the Defendants herein have not met their burden of showing that Plaintiff should be penalized in this case.

Thus, in this case, as in *Klein v. Grynberg*,[28] absent "some apparent reason to penalize the prevailing party," this Court "finds no justification to penalize plaintiffs because this litigation was complex or lengthy. Defendants' own actions brought about the litigation."[29]

---

[24] 161 Fed. Appx. 502, 504 (6th Cir. 2005).

[25] *Id.*

[26] 360 F.3d 1180, 1190-91 (10th Cir. 2004) (quoting *Cantrell*, 69 F.3d at 459).

[27] *Id.*

[28] 44 F.3d 1497, 1507 (10th Cir. 1995).

[29] *Id.*

9

Defendants also contend that costs should be entirely disallowed because the costs were unreasonably high or unnecessary as the Bill of Costs[30] originally listed included items not allowable, such as computer research and expert witness fees.

The parties have cited no Tenth Circuit cases applying this basis as a reason to entirely deny costs and the Court has located none. The Court finds that any issue of the Bill of Costs containing items not allowable has already been dealt with by disallowance. Therefore there is no reason to impose the severe penalty of entirely disallowing costs.

B.  No Further Reduction in Costs

Defendants argue that if the costs are not entirely disallowed, the costs as taxed should be further reduced in the following three categories: deposition transcripts, trial exhibit costs, and fees of the Clerk.

Initially, the Court agrees with the clerk's observation that the disorganized manner in which the supporting invoices and copies of checks were presented made the taxation of costs a difficult task.[31] Despite the difficulty, the clerk did an admirable job of separating the wheat from the chaff and identifying costs which were not allowable as a category (such as computer research) or were not allowable on other grounds, such as duplication.

Defendants argue that the costs of the depositions of five people should be reduced from the taxed costs of $15,487.17 to $5,000. The depositions at issue were used at trial, but Plaintiff submitted no actual invoices to support their claim of total costs of $15,847.17.

---

[30] Docket No. 1167 as itemized in Sealed Docket Nos. 1169-71.

[31] Docket No. 1205, at 2 (citing Defendant's observation).

10

Defendants contend that where the invoices cannot be located, the depositions of these five individuals should be taxed at no more than $1,000 each, for a total of $5,000 instead of the $15,487.17.

The Clerk recognized that the long history of this case and the number of law firms involved, "no doubt" created a problem in locating the invoices.[32]   The Court finds that Defendant's proposed calculation ($1,000 per deposition) would not be helpful because for two of the individuals there was more than one deposition date.  The itemization[33] reveals depositions for the five individuals were taken between 1997 and 1999, and for three individuals only one deposition was taken.  But for witness Harvey, there are deposition costs over a six-month period.  For witness Swab there are remaining costs for depositions on three days over a six-month period.[34]

The Court finds that the depositions were used at trial, the costs associated with the depositions are specific as to dates and amounts, and the costs as taxed were "reasonably incurred in connection with 'materials necessarily obtained for use in the case.'"[35]

Defendants next argue that the costs were improperly taxed for trial exhibits originally prepared for a related trial, but subsequently used in trial in the present case.

---

[32]*Id.*

[33]Docket No. 1169.

[34]The Clerk disallowed an apparent duplication of costs for one of the days. Docket No. 1205, at 2.

[35]*Sorbo v. United Parcel Service*, 432 F.3d 1169, 1181 (10th Cir. 2005) (quoting *Allison v. Bank One-Denver*, 289 F.3d 1223, 1248 (10th Cir. 2002)) (further quotation omitted).

Defendants also contend that Plaintiff did not identify the exhibits used herein with sufficient specificity. Plaintiff contends that these costs are properly taxed because the exhibits were used in the present case. Plaintiff points out that it was not previously able to recover the costs of the exhibits in the other case.

The Court notes that of the $48,593.13, sought as costs for trial exhibits, the Clerk disallowed many costs and determined that the "best approximation of allowable costs based upon the documentation" submitted for the preparation of the trial exhibits is $25,000.[36] The Court finds that the costs of $25,000 for trial exhibits used in the present case were "reasonably incurred in connection with 'materials necessarily obtained for use'"[37] in the present case, were not recovered in the related case, and represents the best approximation of allowable costs for trial exhibits.

The last issue is the taxation of cost for the filing fees for the pro hac admission for 34 attorneys. Defendants argue this is unreasonable and should be reduced at least by half. Plaintiff contends that the fees were actually paid to the Clerk and should be awarded.

Section 1920(1) provides that "fees of the clerk" may be taxed. Unlike fees of the transcripts,[38] or exemplification and copies,[39] the provision for taxing as costs "fees of the clerk" is not limited by the requirement that such fees be "necessarily obtained for use in

---

[36] Docket No. 1205, at 3.

[37] *Sorbo,* 432 F.3d at 1181 (further quotation omitted).

[38] 28 U.S.C. § 1920(2).

[39] 28 U.S.C. § 1920(4).

the case." The Court finds that the pro hac admission fees were actually paid to the Clerk and are taxable.

## VI. ORDER

Based upon the foregoing, it is therefore

ORDERED that upon Defendant's Motion for Review of Taxation of Costs (Docket No. 1207), the Court finds that costs in the amount of $122,118.08 are properly taxed.

DATED this 1st day of July, 2008.

BY THE COURT:

_____
TED STEWART
United States District Court Judge