IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

NORTHERN DIVISION

| | |
|---|---|
| THE PROCTER & GAMBLE COMPANY and THE PROCTER & GAMBLE DISTRIBUTING CO.,<br><br>Plaintiffs,<br><br>vs.<br><br>RANDY L. HAUGEN, et al.,<br><br>Defendants. | MEMORANDUM DECISION AND ORDER ON PREJUDGMENT INTEREST AND GRANTING MOTION FOR APPROVAL OF SUPERSEDEAS BOND AND STAYING CASE PENDING APPEAL<br><br><br>Case No. 1:95-CV-94 TS |

In its prior Order,[1] the Court granted prejudgment interest and directed Plaintiff to file a calculation of the prejudgment interest. Defendants submit an alternative calculation of prejudgment interest and also request approval of a $38.5 million supersedeas bond to stay enforcement of the judgment pending their appeal.

---

[1] Docket No. 1215, at 8.

1

The parties dispute how the prejudgment interest should be calculated. In their calculations, they both apply the federal prime rate and compound the interest. Plaintiff argues the interest should be compounded monthly. Defendants argue it should be compounded yearly. Compounding interest monthly results in a prejudgment interest total of $13,494,418.92. Compounding interest yearly results in a prejudgment interest total of $12,986,808. There is no controlling case law on the issue. There is case law from other jurisdictions supporting both methods.[2]

The Court being fully advised finds that the prejudgment interest should be compounded yearly. The Court will order the judgment to be amended, nunc pro tunc, to include the amount of $12,986,808, in prejudgment interest.

The parties also submit calculations of the accrued post-judgment interest. However, the Court need not calculate accrued post-judgment interest at this point because post-judgment interest accrues according to law "to the date of payment,"[3] and enforcement of the judgment will be stayed pending appeal.

Rule 62(d) provides: "If an appeal is taken, the appellant may obtain a stay by supersedeas bond. . .." "[T]he purpose of a supersedeas bond is to secure an appellee from loss resulting from the stay of execution and . . . a full supersedeas bond should be

---

[2] *See, e.g., Blankenship v. Liberty Life Assur. Co. of Boston*, 486 F.3d 620, 628 (9th Cir. 2007) (holding trial court's factual findings supported award of prejudgment interest at a rate that exceeded the standard Treasury bill rate, compounded monthly) and *Berger v. Iron Workers Reinforced Rodmen, Local 201*, 170 F.3d 1111, 1140 (Fed. Cir. 1999) (affirming trial court's award of prejudgment interest on back pay award at "interest at the rate of 6%, compounded annually, for the entire period of the litigation").

[3] 28 U.S.C. § 1961(b).

the requirement in normal circumstances."[4]  Plaintiffs do not dispute that the proposed supersedeas bond in the amount of $38.5 million is sufficient.  It is therefore

ORDERED that the Clerk's Judgment be amended, nunc pro tunc to March 20, 2007, to add "plus prejudgment interest in the amount of $12,986,808," to the judgment amount.  It is further

ORDERED that Defendants' Motion for Approval of Supersedeas Bond (Docket No. 1220) is GRANTED and the supersedeas bond in the amount of $38,500,000 is approved. Defendants shall file the bond forthwith and this case is STAYED pending appeal.

DATED this 6th day of August

BY THE COURT:

_____
TED STEWART
United States District Court Judge

---

[4]*Miami Intern. Realty Co. v. Paynter*, 807 F.2d 871, 873 (10th Cir. 1986).